USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/02/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LENORE D'ANZIERI,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>HARRISON GLOBAL LLC and STEVEN PITEL,<br><br>　　　　　　　　　　Defendants. | 21-CV-8506 (VEC)<br><br>OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

　　　　Plaintiff is suing her former employer and supervisor for sex, age, and disability discrimination, as well as failure-to-accommodate and retaliation, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL").  Defendants have moved to dismiss all claims for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, failure to state a claim for violations of NYCHRL and NYSHRL pursuant to Rule 12(b)(6), and improper venue over all claims pursuant to Rule 12(b)(3).  See Notice of Mot., Dkt. 38.[1]  For the following reasons, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED in part and DENIED in part; Defendants' motion to dismiss for failure to state a claim is DENIED; and Defendants' motion to dismiss for improper venue is DENIED.

---

[1]　　　　Rule 4(B) of the Undersigned's Individual Practices in Civil Cases requires that all memoranda of law be double spaced.  Plaintiff's brief in opposition to the motion to dismiss used 1.74 spacing and not Microsoft Word's standard double-spacing setting.  See Pl. Mem. in Opp., Dkt. 48.  When proper double spacing is applied, Plaintiff's brief exceeds the page limits set by the Court.  See Individual Practice Rule 4(B) (limiting memoranda of law to 25 pages).  Upon due consideration, the Court will not sanction Plaintiff's counsel; however, the Court cautions Plaintiff's counsel to comply with the Court's rules and orders going forward or else face sanctions.

1

# BACKGROUND[2]

Plaintiff Lenore D'Anzieri ("Plaintiff") was employed by Defendant Harrison Global LLC ("Harrison Global" or the "Company") from July 2016 to sometime after March 2020 as Director of Travel Industry Partnerships. Am. Compl., Dkt. 29, ¶¶ 39, 145, 153. Defendants were aware that Plaintiff had an apartment in New York City and that she worked from that apartment when she was in New York. *Id.* ¶¶ 42–46.

Harrison Global, a company that provides transportation services, *id.* ¶ 22, is headquartered in and organized under the laws of Massachusetts. *Id.* ¶ 6; D'Anzieri Decl., Dkt. 49, Exs. 4, 6. It operates in over 550 markets globally, including in New York City; employs hundreds of employees in the State of New York; advertises that it seeks to hire New Yorkers to drive for the company in New York City; and employs salespersons who service New York-based clients. Am. Compl. ¶¶ 22–29. Plaintiff alleges that New York is among Harrison Global's largest sources of revenue. *Id.* ¶ 33. Harrison Global has an office in Astoria, New York that "provide[s] reservation/dispatch services and other services in New York." *Id.* ¶ 26.

Defendant Steven Pitel ("Pitel"), who resides in Pennsylvania, was the Company's Chief Sales Officer and was Plaintiff's supervisor from August 2017 until she was terminated in 2020. *Id.* ¶¶ 7, 58, 61. Pitel was a high-level executive who allegedly helped set a "tone" of discrimination and harassment at the company. *Id.* ¶ 60. He allegedly made repeated inappropriate sexual, age-based, and disability-based comments toward Plaintiff during the course of her employment by Harrison Global. *Id.* ¶ 69. Specifically:

---

[2] For the purposes of this motion, the well-pled facts as alleged in the Amended Complaint are assumed to be true. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (citation omitted). For the purposes of the Court's jurisdictional analysis, all factual disputes between the Amended Complaint and Defendants' declarations are resolved in favor of Plaintiff's declaration. *See In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

- In August 2018, Plaintiff attended a convention in San Diego, California. *Id.* ¶ 95. At the time, Plaintiff was required to use a scooter and cane due to a hip injury. *Id.* ¶ 96. During the event, Pitel criticized her for using a scooter and cane, told her that he did not want clients to see her using the scooter or cane, and forced Plaintiff to park her scooter far from Harrison Global's convention booth. *Id.* ¶¶ 101–03.

- At New York Fashion Week ("Fashion Week") in September 2018, Harrison Global provided travel services for models from Victoria's Secret. *Id.* ¶¶ 71–72. During a staff conference call in which Plaintiff participated regarding Harrison Global's work at Fashion Week, Pitel allegedly said, "I am sure what would have made [the drivers] happy was to go into the bathroom with the models." *Id.* ¶¶ 75, 77, 79. Plaintiff understood that comment to have been sexual innuendo. *See id.* ¶ 77.

- In May 2019, Plaintiff told Pitel[3] that she planned to attend an event hosted by American Express Global Business Travel ("Amex GBT"), one of her New York City-based clients. *Id.* ¶ 86. Pitel allegedly responded, "Maybe I will send one of the youngin's [*sic*] instead, so that they can drug up the [travel] agents like I used to do so they book more business." *Id.* ¶ 88.

- In September 2019, Pitel met with Amex GBT in New York City. *Id.* ¶ 129. At that meeting, Pitel informed Amex GBT that Plaintiff was being replaced with a younger employee as the manager of the account. *Id.* ¶¶ 130–31.

---

[3] Plaintiff does not specify where this conversation occurred. *See* Am. Compl. ¶¶ 86–90; D'Anzieri Decl., Dkt. 49, ¶¶ 38–39.

Plaintiff alleges that in May 2019 she complained about Pitel's discriminatory conduct to Harrison Global's Human Resources department. *Id.* ¶ 114. Plaintiff asserts that sometime after she filed her complaint, Harrison Global issued a revised compensation plan that lowered her earning potential. *Id.* ¶¶ 118, 120. In July 2019 and December 2020, Plaintiff filed charges of discrimination with the EEOC. *Id.* ¶¶ 140, 161. The EEOC's New York district office addressed notice of right-to-sue letters to Harrison Global's Astoria office. *Id.* ¶ 160. In March 2020, Harrison Global furloughed Plaintiff, and she was eventually discharged. *Id.* ¶¶ 145, 153.

## DISCUSSION

### I.     The Court Lacks Personal Jurisdiction Over Defendants with Respect to Certain Claims

Plaintiff bears the burden of establishing personal jurisdiction. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). When a motion to dismiss for lack of personal jurisdiction is decided on the pleadings (rather than after an evidentiary hearing), the plaintiff need make only a *prima facie* showing of jurisdiction. *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008).

Personal jurisdiction over a nonresident defendant is governed by the law of the state in which the court sits and by the limits of due process. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). Accordingly, the Court must engage in a "two-part analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). First, the Court looks to the relevant long-arm statute of the forum state. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). If the exercise of jurisdiction is statutorily appropriate, the Court must then decide whether such exercise comports with due process; a state may authorize personal jurisdiction over an out-of-state defendant only if "the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).[4]

In deciding a 12(b)(2) motion, the Court may consider materials outside the pleadings. *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015). "The court assumes the verity of the allegations 'to the extent they are uncontroverted by the defendant's affidavits,'" *id.* (quoting *MacDermid*, 702 F.3d at 727), and construes jurisdictional allegations in the light most favorable to the plaintiff, *see A. I. Trade Fin. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993). "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citation omitted). The Court need not accept either party's legal conclusions as true, nor will it draw "argumentative inferences" in either party's favor. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citation omitted).

Personal jurisdiction can be either general or specific. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). General jurisdiction allows a court to adjudicate any cause of action against the defendant, regardless of where it arose. *Id.* Specific jurisdiction "is available when the cause of action sued upon arises out of the defendant's activities in a state." *Id.*

---

[4] If the exercise of personal jurisdiction is authorized by the forum's long-arm statute and comports with due process, the Court must determine whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case. *Chloé*, 616 F.3d at 164 (quoting *Int'l Shoe*, 326 U.S. at 316). At this final step, the defendant bears the burden of establishing that personal jurisdiction would be unreasonable by presenting "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

5

**A. Personal Jurisdiction Over Defendant Harrison Global**

**1. The Court Does Not Have General Jurisdiction Over Harrison Global**

Subjecting Harrison Global to general jurisdiction in New York would not comport with due process.[5] In *Daimler*, the Supreme Court set a "high bar" for finding that the exercise of general jurisdiction over an out-of-state corporation comports with due process. *See Brown*, 814 F.3d at 626. An out-of-state corporation is subject to general jurisdiction in a state "only where its contacts are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2013) (quoting *Daimler*, 571 U.S. at 139). In the wake of *Daimler*, other than in an "exceptional case," a corporation is "at home" only in its state of incorporation and in the state of its principal place of business. *Id.*

A corporation's principal place of business is a "single place" where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The test "focuses on where a corporation's 'high-level' decisions are made, not where day-to-day activities are managed." *St. Paul's Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015). The principal place of business is normally "where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . ." *Hertz*, 559 U.S. at 93.

Plaintiff falls short of establishing that the exercise of general jurisdiction over Harrison Global would comport with due process.[6] Although she alleges that Harrison Global maintains

---

[5] As discussed *supra*, personal jurisdiction analysis normally begins with the forum's long-arm statute. In this case, because the exercise of personal jurisdiction would not comport with due process, the Court need not consider whether general jurisdiction might be proper under some portion of New York's long-arm statute.

[6] Plaintiff made little effort to establish the existence of general jurisdiction over the Company, relegating her argument that the Court has general jurisdiction to a footnote. *See* Pl. Mem. in Opp. at 18 n.4.

an office in Astoria, New York, Am. Compl. ¶ 6, the company's headquarters are in Everett, Massachusetts, D'Anzieri Decl. Ex. 4, 6.[7] Plaintiff's description of the Astoria office as "provid[ing] reservation/dispatch and other services in New York," Am. Compl. ¶ 26, does not suggest that any high-level decision-making takes place there. *See In re Application of Sargeant*, 278 F. Supp. 3d 814, 821 (S.D.N.Y. 2017) ("[T]he mere fact that [a corporation] maintains an office in New York City – even a 'primary' office, whatever that may mean – from which it conducts business does not establish that its principal place of business is its [New York] location."). In short, Plaintiff has not alleged facts from which the Court can reasonably infer that high-level decision making of the Company occurs in New York. Because Plaintiff has not established that Harrison Global is essentially "at home" in New York, subjecting it to general personal jurisdiction in New York would not comport with due process.

### 2. Specific Jurisdiction

Specific personal jurisdiction is claim specific. Thus, each claim must be separately analyzed to ascertain whether Plaintiff has established personal jurisdiction as to that claim. *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). Having analyzed each claim, the Amended Complaint alleges adequate facts to establish that the Court has specific jurisdiction over Harrison Global with respect to Plaintiff's sex-discrimination, age-discrimination, and retaliation claims under federal, state and city law, but not as to the balance of her claims.

New York's long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary" who, *inter alia*, "transacts any business within the state or contracts

---

[7] Because a corporation's principal place of business is a question of law, the Court need not accept as true Plaintiff's allegation that Harrison Global has a principal place of business in Astoria, New York. *See* Am. Compl. ¶ 6; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015) (citation omitted). Section 302(a)(1) is a "single-act statute," which means that "one purposeful transaction in New York is sufficient to trigger Section 302(a)(1) as long as there is a 'substantial relationship between the transaction and the claim asserted.'" *RV Skincare Brands LLC v. Digby Invs. Ltd.*, 394 F. Supp. 3d 376, 381 (S.D.N.Y. 2019) (quoting *Chloé*, 616 F.3d at 170).

### a. The Court Has Personal Jurisdiction Over Harrison Global with Respect to Plaintiff's Sex-Discrimination Claim

Plaintiff has pled adequately that Harrison Global is subject to specific jurisdiction with respect to Plaintiff's sex-discrimination claim and that the exercise of specific jurisdiction over these claims comports with due process.

Harrison Global does not contest that it engages in extensive business in New York that satisfies the "transacting business" prong of C.P.L.R. § 302(a)(1), New York's long-arm statute; it argues, however, that Plaintiff's claim does not arise out of these transactions. Def. Mem. in Supp., Dkt. 42, at 18.

The Court disagrees. Courts have repeatedly found that discrimination claims arise from an out-of-state defendant's business in New York when the defendant knowingly "supervise[s] or communicate[s] with an employee working remotely from New York," and the defendant's communications to the employee "allegedly constitute[] acts of discrimination." *Kumar v. Opera Sols. OPCO, LLC*, No. 20-CV-6824 (GHW), 2021 WL 4442832, at *8 (S.D.N.Y. Sept. 28, 2021) (collecting cases). Those circumstances are present here. Plaintiff alleges that Defendants "knew that [she] regularly and extensively worked in New York," D'Anzieri Decl. ¶

8

45, and asserts that her claims arise, at least in part, from a communication Pitel made during a conference call regarding services provided by Harrison Global during New York Fashion Week, *see* Am. Compl. ¶¶ 75, 77. The call, which was in furtherance of Harrison Global's New York business, is sufficient to establish Section 302(a)(1) jurisdiction, especially in light of the scope of the company's business operations in New York. *See* Am. Compl. ¶¶ 22–29; *see also Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 358–59 (S.D.N.Y. 2007) (finding Section 302(a)(1) satisfied where the plaintiff worked from home in New York City and assignments given to the plaintiff that allegedly gave rise to disparate treatment were communicated by the defendants to the plaintiff via telephone, email, and fax); *cf. Chloé*, 616 F.3d at 162 (concluding that an individual's single act of shipping an infringing item into New York combined with "the substantial business activity of [his affiliated business] . . . involving New York" provided long-arm jurisdiction over a trademark infringement claim under Section 302(a)(1)). Accordingly, Plaintiff has adequately pled facts from which the Court can infer that the requirements of Section 302(a)(1) have been met as to the Company with respect to her sex-discrimination claims.

Exercising specific jurisdiction over Harrison Global with respect to these claims also comports with due process. As discussed above, Harrison Global conducts business in New York, and that business is substantially related to Plaintiff's sex-discrimination claims. As the Second Circuit has stated, "[i]t would be unusual, indeed, if a defendant transacted business in New York and the claim asserted arose from that business activity within the meaning of section 302(a)(1), and yet . . . the defendant cannot be found to have 'purposefully availed itself'" of the forum state within the meaning of due process. *Licci ex rel. Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 170 (2d Cir. 2013) (citation omitted). Furthermore, Harrison Global substantially

benefits from the laws of New York because it conducts a high volume of business here. *See* Am. Compl. ¶ 33; *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 245 (S.D.N.Y. 2010) (finding purposeful availment where the defendant had "some New York-based clients who they earn[ed] revenue from," even if the revenue was insubstantial).

Because Harrison Global has not argued that the exercise of personal jurisdiction would be otherwise unreasonable, exercising personal jurisdiction with respect to Plaintiff's sex-discrimination claims satisfies due process. *See Richardson v. Nat'l R.R. Passenger Corp.*, No. 21-CV-09202 (VEC), 2022 WL 3701492, at *4 (S.D.N.Y. Aug. 26, 2022) (finding personal jurisdiction proper under due process where the defendant failed to address the reasonableness prong).

### b. The Court Has Personal Jurisdiction Over Harrison Global with Respect to Plaintiff's Age-Discrimination Claims

The Court also has specific jurisdiction over Harrison Global with respect to Plaintiff's age-discrimination claims because Plaintiff has pled adequately that her age-discrimination claims arise out of Harrison Global's business in New York. The Company allegedly replaced Plaintiff as the account manager for Amex GBT with a younger employee during an in-person meeting in New York. Am. Compl. ¶¶ 129–31. That allegation, coupled with Harrison Global's substantial business activity in New York, is sufficient to conclude that Plaintiff's age-discrimination claims arise out of business Harrison Global transacted in New York. *See Chloé*, 616 F.3d at 162.

As with the sex-discrimination claims, the exercise of specific jurisdiction with respect to her age-discrimination claims comports with due process because the claims arise from the Company's contacts with New York, and the Company does not argue that the exercise of jurisdiction would be unreasonable. *See Richardson*, 2022 WL 3701492, at *4.

### c. The Court Does Not Have Personal Jurisdiction Over Harrison Global with Respect to Plaintiff's Disability-Discrimination and Failure-to-Accommodate Claims

Plaintiff has not pled adequately that Harrison Global is subject to specific jurisdiction with respect to her disability-discrimination and failure-to-accommodate claims because she has not satisfied N.Y. C.P.L.R. § 302(a).[8]

Plaintiff alleges that Pitel made discriminatory comments about Plaintiff's disability and Harrison Global failed to provide a reasonable accommodation for her disability at a convention in California. *See* Am. Compl. ¶¶ 95–106. Plaintiff fails, however, to allege any connection between the convention and the company's business activity in New York. Because C.P.L.R. § 302(a)(1) requires the cause of action to arise out of the defendant's business activities in New York and because Plaintiff's disability-discrimination and failure-to-accommodate claims, as pled, do not arise out of Harrison Global's business transactions in New York, *Kerman v. InterContinental Hotels Grp. Res. LLC*, No. 20-CV-1085 (PKC) (PK), 2021 WL 930253, at *4 (E.D.N.Y. Mar. 11, 2021) (finding Section 302(a)(1) not met where it was "merely coincidental that [the] [d]efendant conduct[ed] business in New York for the purposes of [the] [p]laintiff's alleged injury") (internal quotation marks and citation omitted), she has not satisfied the requirements of that provision of the long-arm statute.

The only other provision of the long-arm statute that might apply is C.P.L.R. § 302(a)(3).[9] That provision authorizes the exercise of personal jurisdiction over a non-

---

[8] Because the exercise of jurisdiction fails under New York's long-arm statute, the Court need not consider whether exercising personal jurisdiction over Harrison Global with respect to Plaintiff's disability-discrimination and failure-to-accommodate claims would comport with due process.

[9] Plaintiff also argues that her discrimination and retaliation claims, as pled, satisfy Sections 302(a)(2) and (4) of New York's long-arm statute, which allow the exercise of personal jurisdiction over a non-domiciliary if he "commits a tortious act within the state" or "owns, uses or possesses any real property situated within the state." *See* Pl. Mem. in Opp. at 14–18; N.Y. C.P.L.R. §§ 302(a)(2), (4). Section 302(a)(2) does not confer jurisdiction over Plaintiff's disability-discrimination or failure-to-accommodate claims because she neither alleges that Pitel made

11

domiciliary if the non-domiciliary commits a tortious act outside New York that causes injury inside New York if the defendant, *inter alia*, conducts substantial business in New York. Section 302(a)(3) does not apply here because Plaintiff does not allege that Pitel's comments or Defendants' failure to provide accommodation at the California convention caused any injury to her in New York. *See* Am. Compl. ¶¶ 93–106; *see also DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84–85 (2d Cir. 2001) (holding that Section 302(a)(3) is met "where the first effect of the tort . . . that ultimately produced the final economic injury is located" in New York) (citation omitted).

In short, Plaintiff has not shown that jurisdiction is proper under the New York long-arm statute for her disability-discrimination and failure-to-accommodate claims.

### d. The Court Has Personal Jurisdiction Over Harrison Global with Respect to Plaintiff's Retaliation Claims

C.P.L.R. § 302(a)(3) is satisfied with respect to Plaintiff's retaliation claims. As noted above, Section 302(a)(3) authorizes the exercise of personal jurisdiction over a non-domiciliary if the non-domiciliary commits a tortious act outside of New York that causes injury inside of New York if the defendant, *inter alia*, conducts substantial business in New York.

The retaliation about which Plaintiff complains occurred outside of New York but the injury was felt inside of New York. Further, there is no dispute that Harrison Global conducted substantial business in New York. *See* Am. Compl. ¶¶ 22–29, 43–47; *see also DiStefano*, 286 F.3d at 85 (finding Section 302(a)(3) satisfied where an out-of-state defendant terminated the

---

disability-based discriminatory comments in New York nor that the decision to deny her reasonable accommodation was made in or communicated from New York. *See Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016) ("[A] defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2).") (citation omitted). Section 302(a)(4) likewise does not apply because Plaintiff does not allege that Harrison Global's Astoria office serves as a basis for any of her claims. *See Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 390 (E.D.N.Y. 2015) ("[U]nder Section 302(a)(4), a plaintiff must demonstrate 'a relationship between the property and the cause of action sued upon.'") (quoting *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 159 (1st Dep't 1992)).

plaintiff, who "performed his employment duties" in New York, for allegedly unlawful reasons). Exercising specific jurisdiction over Plaintiff's retaliation claims also comports with due process because, as discussed in Section I.A.2.a, *supra*, Harrison Global conducts sufficient business in New York to satisfy both the "transacts business" prong of Section 302(a)(1) and the "minimum contacts" prong of the due process inquiry, and Defendants fail to address reasonableness. *See Atwal v. Ifinex Inc.*, No. 22-CV-149JLS(F), 2022 U.S. Dist. LEXIS 192015, at *23 (W.D.N.Y. Oct. 19, 2022) ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met.") (quoting *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015); *Kravitz v. Binda*, No. 17-CV-07461 (ALC)(SN), 2020 WL 927534, at *7–8 (S.D.N.Y. Jan. 21, 2020) (finding Section 302(a)(1) and Section 302(a)(3) independently satisfied, and finding the due process requirement of "minimum contacts" met because the "transacts business" prong of Section 302(a)(1) was met); *see also Richardson*, 2022 WL 3701492, at *4. Accordingly, this Court has personal jurisdiction over Harrison Global with respect to Plaintiff's retaliation claims.

### B. Personal Jurisdiction Over Defendant Pitel

#### 1. This Court Has Personal Jurisdiction Over the Sex-Discrimination Claims Against Pitel

The Court has specific personal jurisdiction[10] over Pitel with respect to Plaintiff's sex-discrimination claims. Plaintiff's sex-discrimination claims stem from a comment Pitel made during a conference call in which Plaintiff participated while working in New York. *See* Am. Compl. ¶¶ 75, 77, 79. Because Pitel purposefully availed himself of the privilege of doing

---

[10]  The Court does not have general jurisdiction over Pitel because he is domiciled in Pennsylvania. *See* Am. Compl. ¶ 7; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

business in New York and the claims arise out of such business, the requirements of N.Y. C.P.L.R. § 302(a)(1) and due process are satisfied. *See Kumar*, 2021 WL 4442832, at *8–10 (finding personal jurisdiction statutorily and constitutionally proper over individual defendants where the defendants knew the plaintiff worked remotely in New York, the defendants communicated with the plaintiff while she worked remotely in New York, and the plaintiff's claims arose out of those communications); *see also Int'l Healthcare Exch.*, 470 F. Supp. 2d at 359–60 (same).

### 2. The Court Does Not Have Personal Jurisdiction Over Pitel with Respect to Plaintiff's Remaining Claims

The Court does not have specific jurisdiction over Pitel with respect to any other claims.

Plaintiff's argument for jurisdiction over Pitel as to her age-discrimination and retaliation claims appears to rest on N.Y. C.P.L.R. § 302(a), which confers personal jurisdiction over individual corporate officers who "supervise and control" actionable conduct. *See* Pl. Mem. in Opp. at 14–18; *Chloé*, 616 F.3d at 164; *see also Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988) (requiring a court to find that the individual defendants exercised some control over the corporate defendant). A plaintiff can make the required showing by alleging facts from which the Court can plausibly infer that the officer had such "extensive control" over the day-to-day activities of the corporation that the corporation's contacts in New York can be imputed to that defendant. *See EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 98 (2d Cir. 2016). "A plaintiff must offer detailed allegations of the defendant's control over the" actionable conduct. *Int'l Diamond Imps., Inc. v. Med Art, Inc.*, No. 15-CV-4045 (KMW), 2017 WL 2839640, at *6 (S.D.N.Y. June 29, 2017); *see also Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 542 (S.D.N.Y. 2015) ("[C]ontrol cannot be shown based merely upon a

defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation.") (citation omitted).

Although Plaintiff alleges that Pitel was a high-level executive at the Company who helped establish a corporate culture of discrimination and harassment, Am. Compl. ¶ 60, she does not allege any facts showing that Pitel exerted sufficient control over Harrison Global that its decisions, including the decisions that give rise to Plaintiff's age-discrimination and retaliation claims, can be imputed to him. Because there are no factual allegations specifying Pitel's involvement, let alone control over, the decisions to replace Plaintiff on the Amex GBT account, revise her compensation plan, furlough her, or terminate her, the Company's New York contacts cannot be imputed to Pitel for the purpose of the long-arm statute. *See Bueno v. Eurostars Hotel Co.*, No. 21-CV-535 (JGK), 2022 WL 95026, at *6 (S.D.N.Y. Jan. 10, 2022) (holding personal jurisdiction statutorily and constitutionally improper over the plaintiff's direct supervisor; the supervisor controlled the terms and conditions of the plaintiff's employment but the plaintiff did not allege that the supervisor exerted sufficient control over the corporation to impute its actions to her); *see also Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324–25 (S.D.N.Y. 1998) (finding no jurisdiction pursuant to § 302(a) where the complaint made only "general[]" allegations of control that were "completely devoid of any factual specificity").

Plaintiff has also not established that this Court has personal jurisdiction over Pitel with respect to Plaintiff's disability-discrimination and failure-to-accommodate claims. As discussed in Section I.A.2.c., *supra*, these claims do not arise out of conduct in New York, and Plaintiff has not alleged any connection between these claims, stemming from a California convention, and Pitel's minimal travel to New York. *See* D'Anzieri Decl. ¶¶ 19, 41–42; *see also Pena v. N.J. Mfrs. Ins. Co.*, No. 20-CV-3445 (BMC), 2021 WL 2986512, at *4 (E.D.N.Y. July 15, 2021)

(finding personal jurisdiction did not comport with due process because the cause of action arose out of a New Jersey insurance policy, not from any act by the defendant in New York).

In short, this Court may exercise personal jurisdiction over Pitel only with respect to Plaintiff's sex-discrimination claims.[11]

## II. Plaintiff Adequately States Claims for Sex Discrimination, Age Discrimination, and Retaliation Under the NYCHRL and NYSHRL[12]

Defendants move to dismiss Plaintiff's NYCHRL and NYSHRL claims because they assert Plaintiff is not sufficiently tied to New York City or State to be protected by those statutes. Def. Mem. in Supp. at 4–10.[13]

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A claim is facially plausible when the factual content pleaded allows a court to

---

[11] Plaintiff contends that even if Pitel is not subject to personal jurisdiction, this Court nevertheless should exercise "pendent personal jurisdiction" over him. *See* Pl. Mem. in Opp. at 18–19. Plaintiff's argument misconstrues pendent, or supplemental, jurisdiction. *See* 28 U.S.C. § 1367. Supplemental jurisdiction allows a federal court to exercise jurisdiction over a claim for which it lacks original, or subject-matter, jurisdiction. 28 U.S.C. § 1367. A court must have personal jurisdiction over a defendant in addition to subject-matter or supplemental jurisdiction, unless the defendant waives personal jurisdiction. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) ("The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly.").

[12] These are the only types of claims as to which the Court has personal jurisdiction over at least one Defendant. Accordingly, the Court need not consider whether Plaintiff has adequately stated claims for the other types of discrimination about which she complains.

[13] Although Defendants move to dismiss for lack of subject-matter jurisdiction, *see id.*, the Court construes their motion as one for failure to state a claim. *See Brandenburg v. Greek Orthodox Archdiocese of N. Am.*, No. 20-CV-3809 (JMF), 2021 WL 2206486, at *6 n.7 (S.D.N.Y. June 1, 2021) (treating a motion to dismiss the plaintiffs' NYCHRL claim on the ground that the alleged discrimination occurred outside of New York City as a Rule 12(b)(6) motion instead of, as the defendants contended, a Rule 12(b)(1) motion; *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 523 n.6 (S.D.N.Y. 2012) (construing an argument about the lack of a nexus between the plaintiff's NYSHRL and NYCHRL claims and the forum state as a Rule 12(b)(6) motion and not, as the defendants asserted, a Rule 12(b)(1) motion, because "[t]o ask what conduct a statute reaches is to ask what conduct the statute prohibits, which is a merits question. Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case'") (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010)) (alterations omitted).

reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). When considering a Rule 12(b)(6) motion, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

The NYCHRL and NYSHRL apply only to plaintiffs who "either work in or reside in the State or City." *Ware v. L-3 Vertex Aerospace, LLC*, 833 F. App'x 357, 359 (2d Cir. 2020). Plaintiff alleges that she serviced, met in person with, and had work-related telephone and video conference calls with clients located or headquartered in New York City and State from a residence she co-owned in Manhattan. Am. Compl. ¶¶ 5, 44–46. Those facts are adequate to allege that Plaintiff resided and worked in New York City and State within the meaning of the NYCHRL and the NYSHRL. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 n.2 (2d Cir. 2017) (accepting New York City as the plaintiff's residence for NYCHRL and NYSHRL claims where her complaint alleged that she lived in the Bronx); *Taperell v. Tegan Lighting, Inc.*, No. 18-CV-3343 (SJF) (ARL), 2019 WL 1118053, at *3 (E.D.N.Y. Mar. 11, 2019) (finding that a plaintiff worked in New York for purposes of the NYSHRL where her pleadings did not indicate she worked anywhere else but from her home office in New York).

When a resident of New York brings a NYCHRL claim against a nonresident defendant, the discriminatory and retaliatory conduct must have had an "impact" within the city to be covered. *Rinaldi v. NICE, Ltd.*, No. 19-CV-424 (LGS), 2021 WL 827767, at *8 (S.D.N.Y. Mar. 4, 2021). "[I]t is the site of impact, not the place of origination, that determines where

discriminatory acts occur." *Int'l Healthcare Exch.*, 470 F. Supp. 2d at 362. Because Plaintiff's place of employment was New York City, she sufficiently felt the "impact" of Defendants' discriminatory and retaliatory acts in New York. *See id.* at 362–63 (concluding that the alleged discriminatory conduct affected the plaintiff in New York City because the plaintiff was a New York City resident who worked in New York City).

To be actionable under the NYSHRL, a defendant must have "committed discriminatory acts against [the] plaintiff in New York." *Sorrentino v. Citicorp*, 302 A.D.2d 240, 240 (1st Dep't 2003). Because Plaintiff worked in New York, she has pled adequately that Defendants' alleged discriminatory and retaliatory practices affected the conditions of her employment in New York for purposes of the NYSHRL. *See Taperell*, 2019 WL 1118053, at *4 (concluding that the nonresident defendant's termination of the plaintiff affected the terms and conditions of the plaintiff's employment under the NYSHRL because she worked in New York).

In short, Defendants' motion to dismiss Plaintiff's NYCHRL and NYSHRL claims for failure to adequately allege that she is covered by those statutes is denied.

### III.     Venue is Proper in the Southern District of New York

Venue is proper in, *inter alia*, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). To survive a motion to dismiss for improper venue, "the plaintiff need only make a *prima facie* showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citation omitted). To plead a *prima facie* case, Plaintiff must show that "'a substantial part' of the underlying events took place in" the district she selected. *Id.* at 356 (quoting 28 U.S.C. § 1391(b)(2)). Although the Second Circuit has "caution[ed] district courts to take seriously the adjective 'substantial,'" *id.* at 357, Section 1391(b)(2) "does not restrict venue to the district in which the 'most substantial'

18

events or omissions giving rise to a claim occurred," *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).

Because Plaintiff alleges that the conduct which gave rise to her surviving claims of sex discrimination, age discrimination, and retaliation occurred while she was working within this District, the Court concludes that venue is proper in this District under Section 1391(b)(2). *See Geffner v. Quanta Servs., Inc.*, No. 18-CV-3761 (JPO), 2018 WL 6807388, at *3–4 (S.D.N.Y. Dec. 27, 2018) (finding venue proper in this District where some acts giving rise to the plaintiff's employment discrimination claims occurred outside of this District but all claims arose in connection with the plaintiff's work for the defendants, which the plaintiff allegedly largely performed from his office within this District).[14]

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED with respect to Plaintiff's age-discrimination and retaliation claims against Defendant Pitel and Plaintiff's disability-discrimination and failure-to-accommodate claims against Defendant Harrison Global and Defendant Pitel, and otherwise DENIED. Accordingly, the age-discrimination and retaliation claims against Defendant Pitel and the disability-discrimination and failure-to-accommodate claims against Defendant Harrison Global and Defendant Pitel are dismissed without prejudice. Defendants' motion to dismiss Plaintiff's NYCHRL and NYSHRL sex-discrimination, age-discrimination, and retaliation claims for

---

[14] To decide whether Section 1391(b)(2) is met, a court must (1) "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims," and (2) "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." *Daniel*, 428 F.3d at 432. The nature of Plaintiff's sex-discrimination, age-discrimination, and retaliation claims, and the acts that Plaintiff alleges gave rise to them, are discussed in Sections I.A.2.a, I.A.2.b, and I.A.2.d, *supra*.

failure to state a claim is DENIED; and Defendants' motion to dismiss for improper venue is DENIED.

The discovery stay in this action is hereby lifted. All fact discovery shall be completed no later than **March 1, 2023**. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than **April 14, 2023**. Within two weeks of the date of this Opinion and Order, the parties shall meet and confer in-person to agree upon a joint plan for meeting the discovery deadlines. The next pretrial conference is scheduled for **March 3, 2023, at 10:00 A.M.** in Courtroom **443** of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case, including a brief description of any outstanding motions; a brief description of the status of discovery and of any additional discovery that needs to be completed; a statement describing the status of any settlement discussions and whether the parties would like a settlement conference; a statement of the anticipated length of trial and whether the case is to be tried to a jury; a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony; any other issue that the parties would like to address at the pretrial conference; and any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

The Clerk of Court is respectfully directed to close the open motion at Docket 38.

**SO ORDERED.**

Date: **December 2, 2022**
New York, New York

**VALERIE CAPRONI**
**United States District Judge**