

Joanne J. Romero | Partner
Direct 646.292.8713 | jromero@goldbergsegalla.com

October 21, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   10/22/24
```

**VIA ECF**
Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District New York
40 Foley Square, Room 240
New York, New York 10007

**MEMO ENDORSED**

Re: **D'Anzieri v. Harrison Global LLC d/b/a DavEl | BostonCoach et al.
United States District Court for the Southern District of New York
No.: 21 Civ. 8506 (VEC)**

Dear Judge Caproni:

We represent Defendants in the above-referenced matter. Pursuant to your Honor's Individual Practice Rule 5, Defendants respectfully seek leave to file under seal various confidential Exhibits and a Declaration that Defendants submit in support of Defendants' Motion for Summary Judgment.

The parties in this action entered into a Confidentiality Stipulation and Proposed Protective Order that was so Ordered by the Court on or about April 25, 2023 (ECF Doc. No. 61) ("Confidentiality Agreement"), which Stipulation was so-ordered by on or about April 25, 2023. Therein, the parties set forth certain parameters regarding, *inter alia*, the designation of confidential information and documents in this case.

The documents proposed to be sealed include:

- Exhibit C to the declaration of Steve Pitel, which is a contract entered into between Harrison Global LLC (the "Company") and AmexGBT. Per the contract, all of its terms are required to be kept confidential.

- Exhibit D to the declaration of Steve Pitel, which is a GSR Overview presentation by AmexGBT which contains unpublished confidential and proprietary information of AmexGBT which cannot be disclosed without the express written consent of AmexGBT.

- Exhibit H to the declaration of Steve Pitel, the September 17, 2018 email

711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | 646-292-8700 | 646-292-8701 | www.goldbergsegalla.com

CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA
IMANAGE\8156\0044\42942501.v1-10/21/24

October 21, 2024
Page 2

    correspondence from Ms. D'Anzieri to Pitel which contains confidential information about the Company's customers and also includes internal strategy;

- Exhibits E, D and F to the declaration of Jan Lofgren which include copies of Ms. D'Anzieri's 2018 and 2019 compensation plans. These documents contain specific information related to sales incentive compensation including both the structure and relevant details as to how the Sales Compensation plan works. The structure of this plan and Target Dollar Amounts includes highly sensitive information that is unique to each individual and is considered Confidential & Proprietary to the Company as indicated on the footer of the plan.

- Exhibits G and H to the declaration of Jan Lofgren which are copies of Ms. D'Anzieri's 2018 and 2019 earnings statements which also contain Confidential and Proprietary information concerning her specific sales compensation structure.

- Exhibit K to the declaration of Jan Lofgren which is an October 23, 2019 email from Ms. D'Anzieri discussing the status and internal strategy regarding certain Company accounts, which information is deemed confidential.

- Exhibit O to the declaration of Jan Lofgren, which is her analysis in the form of a Power Point presentation containing revenue and Target Dollar Amounts including highly sensitive information that is unique to each individual and is considered Confidential & Proprietary to the Company.

- The declaration of Jan Lofgren, which contains very specific details from and discussion about the above-referenced Exhibits E, D, F, G, H, K and O to her declaration.

- Exhibit G to the declaration of Carrie Mongiori, which is a report run on or about October 15, 2019 listing the sales team's salaries, and ages as of October 15, 2019, which confidential and sensitive personnel information.

- Exhibit D to the declaration of Joanne Romero, which is Plaintiff's confidential unemployment earnings statement.

    In order to protect the foregoing documents from public disclosure, Defendants respectfully request that the Court grant this motion and order that the proposed documents remain under seal.

    We were not able to reach Plaintiff's counsel today to obtain consent for the filing of this letter motion.

October 21, 2024
Page 3

We thank the Court in advance for any consideration this request may be given.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

/s/ Joanne J. Romero
Joanne J. Romero

JJR:

Cc: Kenneth Goldberg, Esq. Via ECF

---

Application DENIED.  Per Rule 5.B.ii of the Undersigned's Individual Practices in Civil Cases, a party wishing to file a document under seal for reasons other than those in Rule 5.2(a) of the Federal Rules of Civil Procedure must overcome the presumption of access discussed in *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Defendants seek to file twelve exhibits and a declaration under seal, largely on the basis that these documents contain confidential business information.  Defendants have failed to provide the Court with sufficient information to determine the "weight" of the "presumption of access" of the public to these materials.  *Id.* at 119.  Their assertion that these documents contain confidential business information or reference the ages and salaries of certain employees is insufficient to overcome this presumption and justify sealing these documents.  Furthermore, the Protective Order in this case provides that there is no presumption that documents designated confidential be filed under seal and requires the parties to comply with the Undersigned's Individual Rule 5.  *See* Dkt. 61.

IT IS HEREBY ORDERED that the parties must show cause why the documents should not be unsealed by not later than **Thursday, October 31, 2024**.  The parties are directed to confer and file a joint letter under seal with the Court.  This letter must more fulsomely explain the parties' position on why these documents should be filed under seal.  Furthermore, the parties are encouraged to submit versions of these documents with proposed redactions in accordance with the Undersigned's Rules, rather than seek to seal them entirely.

SO ORDERED.

*[signature]*   10/22/24

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE