```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
LENORE D'ANZIERI,                                              :
                                                               :
                              Plaintiff,                       :
           -against-                                           :
                                                               :   21-CV-8506 (VEC)
                                                               :
HARRISON GLOBAL LLC d/b/a DAVEL                                :        ORDER
BOSTON COACH AND STEVEN PITEL,                                 :
                                                               :
                                                               :
                              Defendants.                      :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/28/2025

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 25, 2025, the Court issued an Opinion and Order deciding Defendants' motion for summary judgment and concluding that the Court lacked personal jurisdiction over Plaintiff's claims, *see* Opinion & Order, Dkt. 157 ("Opinion");

WHEREAS the Court directed the parties to meet and confer in a good-faith attempt to address whether this action should be transferred, rather than dismissed, and, if so, to which District Court, *see* Opinion at 16–17;

WHEREAS to that end, the Court ordered the parties to show cause by filing a single joint letter, not to exceed 1,200 words, why this action should not be transferred to the United States District Court for the District of Massachusetts (i.e., the judicial district in which Defendant Harrison Global LLC ("Harrison Global" or the "Company") is domiciled), *see id.*;

WHEREAS upon request, the Court extended the parties' deadline to show cause from July 17, 2025, to July 23, 2025, *see* Memo Endorsement, Dkt. 156;

WHEREAS on July 23, 2025, rather than a single joint letter, the parties filed a series of letters partially responding to the Court's show-cause order and partially airing various

1

grievances regarding the parties' failed efforts to file a joint letter, *see* Plaintiff's Letter, Dkt. 160; Defendants' Letter, Dkt. 161; Defendants' Letter, Dkt. 162;

WHEREAS Plaintiff consents to transfer of this action to the United States District Court for the District of Massachusetts and requests leave to file a response to Defendants' position by Friday, August 1, 2025, *see* Plaintiff's Letter, Dkt. 160;

WHEREAS Defendants argue that this action should be dismissed, rather than transferred, because Plaintiff knew or should have known that this Court lacked personal jurisdiction over her claims, *see* Defendants' Letter, Dkt. 162, at 2–3 (collecting cases);

WHEREAS Defendants argue in the alternative that the Southern District of Florida is the most appropriate transferee forum, as it is the forum in which Plaintiff resided, in which the Company was aware she was working remotely, and in which defense counsel has offices, *see id.* at 3;

WHEREAS the Court has discretion to transfer this action to a venue that could exercise personal jurisdiction over Defendants if doing so would be "in the interest of justice" upon "carefully weigh[ing] the equities," *Moscato v. MDM Grp.*, *Inc.*, No. 05 CIV. 10313 (KMW), 2008 WL 2971674, at *5 (S.D.N.Y. July 31, 2008) (quoting 28 U.S.C. § 1631, then quoting *Paul v. INS*, 348 F.3d 43, 47 (2d Cir. 2003));

WHEREAS the Court may "consider (1) whether the claim would be meritless 'in the court that has jurisdiction;'"[1] and "(2) the Plaintiff['s] diligence in choosing a proper forum," *Raymond Loubier Irrevocable Tr. v. Loubier*, 765 F. App'x 560, 561 (2d Cir. 2019) (unpublished) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005));

---

[1] Although Defendants moved for summary judgment, they have not argued in their submission addressing transfer that Plaintiff's claims would lack merit in a court that could properly exercise jurisdiction.

WHEREAS the authorities on which Defendants rely for their argument that the case should be dismissed are readily distinguishable; Plaintiff does not concede "that the facts do not establish personal jurisdiction over the Defendants," *id.*, did not appear to engage in forum shopping, *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394–95 (2d Cir. 1992), has not "repeatedly raised the prospect of simply transferring this action elsewhere" due to "a doubtful justification for jurisdiction in New York," *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 666 (S.D.N.Y. 2005), and did not lack a "colorable basis for personal jurisdiction over the defendant[s] in New York or proper venue in this District," *Daros v. Tokoyo*, No. 05-CV-775 (DLI)(VVP), 2005 U.S. Dist. LEXIS 45526, at *6 (E.D.N.Y. May 23, 2005);

WHEREAS it was reasonable for Plaintiff to file this action in the Southern District of New York, based on her averments and testimony that she worked remotely from New York during the relevant time period and therefore felt the effects of Defendants' alleged discrimination here, *see* Goldberg Decl., Dkt. 117, Ex. 3, Dkt. 117-3 ("Pl. Decl."), ¶¶ 26–27; Goldberg Decl., Ex. 4, Dkt. 117-4 ("Pl. Tr."), at 61, 145, 149–51, 174; Consolidated 56.1 Statement of Material Facts, Dkt. 153 ("56.1 St."), ¶ 126 (claiming Plaintiff failed to produce documentation corroborating her declaration and testimony);

WHEREAS the Court's decision that it lacked personal jurisdiction over Plaintiff's claims was rooted in undisputed record evidence tending to show that Defendants were unaware that Plaintiff worked remotely from New York, *see* Opinion at 10–16, and it is often challenging to prove a defendant's knowledge absent direct evidence;

WHEREAS the Court finds that there was some basis for Plaintiff's position that the Court could exercise personal jurisdiction over Defendants, even though her claims were ultimately unable to survive on that issue;

WHEREAS the Court also finds that it is in the interest of justice to transfer this action because there is no indication that Plaintiff acted in bad faith by asserting her claims in this Court, and although the parties' submissions do not address whether Plaintiff's claims "would be timely if filed anew" following dismissal, "a transfer would expedite their review, thereby furthering the interest of justice," *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009);[2] and

WHEREAS Defendants have not made an adequate showing that their preferred transferee forum of the Southern District of Florida is more appropriate than the District of Massachusetts; the Company is neither headquartered nor organized there, and there has been no showing of Defendants' minimum contacts with the forum beyond hiring Plaintiff, who communicated to Harrison Global that she resided in Florida, Georgia, and New Jersey while in its employ, 56.1 St. ¶ 30;[3]

IT IS HEREBY ORDERED that the Clerk of Court is respectfully directed to terminate all open motions, transfer this case to the United States District Court for the District of Massachusetts, and close this case. Plaintiff's motion for leave to respond to Defendants' submission is DENIED as moot.

**SO ORDERED.**

**Date:  July 28, 2025**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[2] Plaintiff filed this lawsuit nearly four years ago. The parties engaged in lengthy discovery and fully briefed Defendants' motion for summary judgment. Transfer would further the efficient resolution of Plaintiff's claims.

[3] Defendants' submission does not explicitly state that they waive any objection to personal jurisdiction in the Southern District of Florida.